## Yoffe Estate

*Wiest & English*, for petitioner.
*Lark, Makowski & Marateck*, for respondent.

TROUTMAN, J., May 10, 1956.—Petitioner, William H. Ressler, executor of the estate of Simon Yoffe, deceased, brings this proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, as amended, to have determined whether the executor of the said estate should liquidate the estate of said decedent and bring an action against one Joseph Wruble on account of moneys owed to the said estate by reason of his nonpayment of certain loans made to him by decedent in his lifetime or to abstain from the same.

A citation issued on said petition directed to the widow and children of decedent. Personal service of a certified copy of the petition and citation was made upon Bessie Yoffe, the widow, and also upon Bessie Wruble, one of the surviving children, by the sheriff of Northumberland County. The other defendants were served by registered mail. No answers were filed to the said petition and citation by defendants.

Section 4 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §834, provides, inter alia, that any person interested as an executor of the estate of a decedent may have a declaration of rights or legal relations in respect thereto directing the said executor to do or abstain from doing any particular act in his fiduciary capacity. The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment: Lifter Estate, 377 Pa. 227. An actual controversy or the ripening seeds of one is essential to the obtaining of a declaratory judgment: Capital Bank and Trust Company's Petition, 336 Pa. 108.

It is undisputed that Simon Yoffe died testate leaving to survive him his wife, Bessie Yoffe, and seven

children. In his will, he devised and bequeathed his entire estate to his wife during her life or widowhood and provided that upon her remarriage she should receive one third of his estate and his seven children the remainder in equal shares and that upon the death of his said wife, unmarried, the said seven children should receive his estate in equal shares. The widow, Bessie Yoffe, elected to take against the will of said decedent.

Simon Yoffe, in his lifetime, borrowed certain funds from West Ward Savings and Loan Association of Shamokin and executed a mortgage encumbering all his real estate in the City of Shamokin and the Township of Coal, Northumberland County, as security therefor, and also borrowed certain funds from the Market Street National Bank of Shamokin and executed his personal note therefor, pledging 100 shares of Pennsylvania Power and Light Company stock, common, and 50 shares of Pennsylvania Power and Light Company 4½ preferred stock as security therefor, and then lent said funds to one Joseph Wruble, under an arrangement whereby the said Joseph Wruble was to use the said funds in a business conducted by him in Shamokin under the name of Domestic Furniture Company and was to pay the interest and ultimately the principal of said loans direct to West Ward Savings and Loan Association and the Market Street National Bank of Shamokin.

Upon the death of Simon Yoffe, the balance due West Ward Savings and Loan Association on said mortgage loan, was $16,195.01, and the balance due the Market Street National Bank of Shamokin on the promissory note was $5,500. Joseph Wruble has paid the interest on the Market Street National Bank loan but has not reduced the principal thereof. Since the death of Simon Yoffe, the executor has been compelled to pay to the West Ward Savings and Loan Associa-

tion, out of the assets of the estate, the sum of $7,816.72 in interest and in reduction of principal on said mortgage in order to secure releases of the lien of said mortgage for certain real estate sold by the executor. The balance due West Ward Savings and Loan Association by the estate on July 30, 1955, including accrued interest to that date, was $9,526.60. Joseph Wruble has refused, despite demands, to repay the sum applied to West Ward Savings and Loan Association mortgage to the executor.

The assets of the estate of decedent as shown by the inventory and appraisement filed February 23, 1954, in the office of the register of wills, consisted of personalty appraised at $11,077.50 and real estate appraised at $29,000, making a total gross estate of $40,077.50. The indebtedness against the estate owing to West Ward Savings and Loan Association and the Market Street National Bank of Shamokin amounted to $21,695.01, or more than half the gross value of the estate.

Bessie Yoffe, widow of Simon Yoffe, deceased, has demanded of the executor that he liquidate the estate of said decedent, pay its obligations and bring suit against the said Joseph Wruble to collect whatever damage the estate of said decedent may suffer by reason of the nonpayment of said loans by the said Joseph Wruble. On the other hand some of the children of decedent desire that no suit be brought against the said Joseph Wruble for the reason that he is practically insolvent at this time and that a suit against him would probably result in his bankruptcy with attendant loss to the estate of Simon Yoffe.

As a result of the conflicting desires of the parties interested in the estate of said decedent, petitioner in this case contends that he faces the possibility of being surcharged at the instance of Bessie Yoffe, the widow, if he makes no attempt to liquidate the assets of said

decedent and bring an action against Joseph Wruble for any damages the estate may suffer by reason of the nonpayment of said loans by the said Joseph Wruble or face a surcharge at the instance of some of the children of said decedent for the amount expended by him in litigating any claim the estate may have against the said Joseph Wruble in the event said litigation produces no money. Under these circumstances, the executor has prayed this court for a decree under the Uniform Declaratory Judgments Act to determine the course of action which should be taken.

While no actual controversy has come into being, nevertheless the ripening seeds of controversy are present and are indicative of threatened litigation in the immediate future. We are of the opinion that the court has jurisdiction of the petition in this case.

The difficulty in this case arises because of the fact that Joseph Wruble has few, if any, tangible assets. His business consists of the selling of household goods on a time payment plan and as a result the bulk of his current assets consists of installment accounts receivable. According to the testimony of Samuel A. Miller, an accountant, who has been auditing the business of Wruble, the dollar value of accounts receivable of this nature in a bulk sale transaction would be from 30 to 35 percent of the total. The balance sheet as of October 31, 1955, lists as a current asset merchandise inventory in the sum of $8,907.73. It likewise shows a net worth of $10,026.33. However, if the installment accounts receivable would only bring one third of their value, his net worth would be considerably reduced.

The testimony discloses that Wruble has been making some progress in his business but that if an action were brought against him by the estate, it would no doubt seriously impair his credit and may result in bankruptcy. Consequently, it is extremely doubtful whether the estate could recover anything at all by

taking a legal proceeding against Wruble at this time.

Were the executor to liquidate the indebtedness of the estate of Simon Yoffe at this time, it would result in the reduction of the assets of the estate and leave very little for distribution.

At the present time, Wruble is paying the interest on the Market Street Bank loan and apparently there has been no pressure made by the creditor for the reduction of this loan. Wruble has paid nothing on account of interest or principal on the mortgage at West Ward Savings and Loan Association and any payments of interest made out of the funds of the estate would result in fewer assets for distribution. We are impressed with the fact that Wruble has improved his business during the past several months and his balance sheet shows considerable improvement. Wruble's business depends a great deal upon his own personal efforts and there is a possibility that his business can improve to such an extent that he can begin the payment of interest on the West Ward Savings and Loan Association mortgage.

Simon Yoffe died on December 16, 1953, and, evidently, the widow has received only a family exemption of $750. Apparently two parcels of real estate remain, the value of which does not appear in the record. No doubt rentals are received from real estate still remaining in the estate of decedent. The fact that Wruble is not paying any interest on the mortgage of the West Ward Savings and Loan Association is causing an accumulation of interest which is increasing the indebtedness on the mortgage.

Since Wruble's financial condition seems to be improving, we are of the opinion there should be no liquidation at this time. However, we are of the further opinion that there should be some time limitation on the present situation for it is not equitable to keep Wruble in business at the expense of the heirs of the

estate. Consequently, if Wruble continues to pay the interest on the loan of the Market Street National Bank and commences the payment of the current interest on the mortgage of the West Ward Savings and Loan Association, the executor should then refrain from any liquidation of the loans and the institution of suit against Wruble for the collection of his indebtedness for a period of not more than six months, at which time the executor should review the financial condition of Wruble and the prospects of Wruble's not only paying the interest but also making reductions on account of principal. If, at the end of the six-month period, Wruble is not in a position to reduce the indebtedness, the executor should then take such appropriate action as will best conserve the interests of the estate and the heirs.

## Order

And now, to wit, May 10, 1956, it is ordered, adjudged and decreed that the said William H. Ressler, executor of the estate of Simon Yoffe, deceased, abstain from proceeding with the liquidation of the estate of said decedent for a period of six months from the date hereof provided that Joseph Wruble pays the interest on the loans made by said decedent for his benefit, said loans being the mortgages in favor of the West Ward Savings and Loan Association and the note held by the Market Street National Bank of Shamokin. It is further ordered, adjudged and decreed that at the close of the said period of six months, the said executor shall review the financial condition of Joseph Wruble for the purpose of securing a reduction on account of principal, and if the said indebtedness cannot be reduced, then, and in such event, the executor shall take such appropriate action as will best conserve the interests of the estate and the heirs. Costs of this proceeding to be paid by the said estate. Let an exception be noted for each of the interested parties.